1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OSCAR SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. CV 17-03092 DMG (SKx)<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>[Local Rule 16-7]<br><br>Pretrial Conference:   December 3, 2019<br>Trial:                           January 14, 2020<br><br>Honorable Dolly M. Gee<br>United States District Judge |

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Central District Local Rule 16, IT IS ORDERED:

**1.    The Parties**

The parties are: plaintiff Oscar Sandoval ("Plaintiff") and defendant the United States of America. Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed. The pleadings which raise the issues are:

(a)    Plaintiff's Complaint, filed on April 25, 2017 [Doc. # 1]; and

(b)    The United States' Answer, filed on January 25, 2018 [Doc. # 24].

**2.    Jurisdiction and Venue**

Federal jurisdiction and venue are invoked upon the grounds: This is a civil action brought under the Federal Tort Claims Act ("FTCA"). Aside from the arguments raised in the United States' Motion for Summary Judgment or, in the Alternative, Summary Adjudication, [Doc. # 86], the parties agree that this Court has jurisdiction under 28 U.S.C. § 1331.

Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in the Central District of California.

**3.    Trial Length**

The parties estimate the trial will take three days.

**4.    Jury Trial**

The trial is to be a non-jury trial. <u>See</u> 28 U.S.C. § 2402. At least seven (7) days prior to the trial date the parties shall lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by Central District Local Rule 52-1.

**5.    Admitted Facts**

The following facts are admitted and require no proof:

(a)    On February 1, 2006, Plaintiff was convicted on one count of Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952, 960, and one count of Possession of Methamphetamine with Intent to Distribute, in violation of 28 U.S.C.

§ 841(a)(1). As a result of these convictions, Plaintiff was committed to the custody of the United States Bureau of Prisons for a term of 240 months.

(b)     From July 23, 2014, until October 29, 2015, Plaintiff was incarcerated at the Federal Correctional Institution in Safford, Arizona (FCI Safford).

(c)     Since November 30 2015, Plaintiff has been incarcerated at the Federal Correctional Institution at Lompoc, California (FCI Lompoc).

(d)      Coccidioidomycosis, also known as "Valley Fever," is an illness caused by the naturally occurring soil fungus *Coccidioides immitis* and *Coccidioides posadasii*, hereinafter referred to as *Cocci.*

(e)     *Cocci* spores typically enter the body through the respiratory system.

(f)     Safford is located in Graham County, in Arizona.

(g)     During Plaintiff's incarceration at Safford, it was designated a "Care Level 1" facility, which means that mostly healthy inmates with limited medical needs are incarcerated there.

(h)     Most people who are exposed to *Cocci* spores do not become notably ill.

(i)     More than 60 percent of persons infected by *Cocci* experience no illness or symptoms at all.

(j)     Of the approximately 40 percent of infected persons who do exhibit symptoms, the vast majority experience a brief illness that may include manifestations such as fever, rash, and headache.

(k)     In a small percentage of people who become infected, *Cocci* can "disseminate" out of their lung and spread to other parts of their bodies, such as their skin, and cause serious health problems.

(l)     On October 1, 2013, Dr. Newton E. Kendig sent a memo to all Bureau of Prison Wardens entitled: "Staff and inmate awareness of the infectious disease known as 'Valley Fever.'" Dr. Kendig was the Assistant Director of Health Services Division for the Bureau of Prisons.

2

(m)   Dr. Kendig's October 1, 2013 Memo included a "Lesson Plan" which sets forth the information regarding Valley Fever that he wanted all inmates at Safford to know.

(n)   Susan McClintock was the Warden at Safford between 2012 and December 2014.

(o)   Safford had protective masks available that could be used as respiratory protection for inmates who were required to work in a job that exposed them to significant quantities of dust.

**6.   Stipulated Facts**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

**7.   Claims and Defenses**

Plaintiff:

Plaintiff plans to pursue the following claims against the Defendant:

Claim 1:  Negligence

Claim 2:  Negligence/Premises Liability

**CLAIM 1: NEGLIGENCE**

Defendant negligently failed to provide Mr. Sandoval with a safe and habitable prison, and it should have provided him with a protective respirator mask to prevent him from inhaling dust that may contain *Cocci* spores.  Defendant's failure to provide a protective face mask is a clear safety issue that is "not a policy choice of the type the discretionary function exception shield." *Whisnant v. United States*, 400 F.3d 1177, 1183, 1185 (9th Cir. 2005); Order Re Defendant' Motion for Summary Judgment: [Doc. # 98 at p. 12:22-24.]

**Elements of Negligence**

1.   Defendant owed a duty to protect Mr. Sandoval from foreseeable harm

2.   Defendant breached its duty to protect Mr. Sandoval from foreseeable harm;

///

3

3.      Defendant's breach of its duty to protect Mr. Sandoval from foreseeable harm proximately caused his injuries; and

4.      Mr. Sandoval has suffered compensable damages.

**Duties Applicable to Mr. Sandoval's Negligence Claim 1**

1.      18 U.S.C.§ 4042 imposes a duty on the Board of Prisons to "provide suitable quarters and provide for the safe keeping, care and subsistence of all persons . . . convicted of offenses against the United States."  *United States v. Munitz*, 374 U.S. 150, 164-165 (1963).

2.      Defendant has a "duty to undertake reasonable measures to reduce the known risk of Valley Fever that arose from incarceration in an area where the disease was endemic." *Aluya v. Management & Training Corp.*, 671 Fed. Appx, 970 (9th Cir. 2016); *Edison v. United States*, 822 F.3d 510, 521-522 (9th Cir. 2016).

3.      Defendant has a duty to warn incarcerated inmates about the "hidden danger" of cocci. *Edison, supra*.

4.      The following Revised Arizona Civil Jury Instructions apply to this action:

a.  Fault 1:  Definition of Fault & Negligence

"Fault is negligence that was a cause of Mr. Sandoval's injury. Negligence is the failure to use reasonable care.  Negligence may consist of action or inaction.  Negligence is the failure to act as a reasonably careful person would act under the circumstances."

b.  Fault 2: Definition of Causation

"Negligence causes an injury if it helps produce the injury and if the injury would not have happened without the negligence."

c.  Standard 2: Burden of Proof (More Probably True)

"Burden of proof means burden of persuasion.  On any claim, the party who has the burden of proof must persuade you, by the evidence, that the claim is more probably true than not true. This means that the evidence that favors that party outweighs the opposing evidence.  In determining whether a party has met this burden, consider evidence that bears on that claim, regardless of which party produced it."

///

4

d.  Personal Injury Damages 1: Measure of Damages:

"If you find Defendant liable to Mr. Sandoval, you must then decide the full amount of money that will reasonably and fairly compensate him for each of the following elements of damages proved by the evidence to have resulted from the fault of Defendant.

(1)   The nature, extent and duration of the injury.

(2)   The pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the injury.

(3)   Reasonable expenses of necessary medical care, treatment, and services rendered, and reasonably probably to be incurred in the future.

(4)   Loss of earnings to date, and any decrease in earning power or capacity in the future.

(5)   Loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury."

**Claim I Negligence Allegations**

Defendant breached its duty of care to Mr. Sandoval because it never complied with Dr. Kendig's mandate that all inmates must "be made aware of, and periodically reminded of, the signs and symptoms of Valley Fever as well as accessing health services for evaluation and treatment."

Defendant breached its duty of care to Mr. Sandoval because they never warned him regarding the dangers of inhaling cocci spores or informing him he could develop a serious, incurable life threatening infectious disease by doing so.

Defendant breached its duty of care to Mr. Sandoval by failing to provide him with a protective respiratory mask while he was working in an environment where he could inhale dust and dirt containing *Cocci* spores.

///

///

///

5

Defendant breached its duty of care to Mr. Sandoval by requiring that he sleep in a negligently maintained housing unit where he could unnecessarily inhale dust and dirt containing *Cocci* spores.[1]

Defendant breached it duty of care to Mr. Sandoval because it failed to comply with its own policy that there should not be any gaps between the ground and the bottom of the door that would allow dust to enter the housing unit.[2, 3]

Defendant breached its duty of care to Mr. Sandoval because they never warned him that by staying outdoors during windy conditions he could inhale dust and dirt containing *Cocci* spores.[4]

Defendant breached its duty of care to Mr. Sandoval by never warning him that one of the ways to minimize exposure to and inhalation of *Cocci* spores was to wear a protective respiratory mask.

Defendant breached its duty of care to Mr. Sandoval by never providing him with a protective respiratory mask during his incarceration at FCI Safford.

Defendant breached its duty of care to Mr. Sandoval because it never warned him he should remain indoors during windy conditions in order to avoid inhalation of *Cocci* spores.[5]

///

---

[1] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[2] The Court's order does not address the BOP's alleged negligent maintainance of Mr. Sandoval's housing unit. Plaintiff will make an offer of proof that Warden McClintock testified there should not have been any gaps between the ground and the bottom of the door that would allow dust to enter the housing unit. She admitted this was a "security issue," and if this condition existed, she would expect staff to "take care of the issue" because that is what they "are there to do" and they are expected "to carry out their job's and their responsibilities."

[3] The United States objects to the inclusion of this issue. As the Court's Order Re Defendant's Motion for Summary Judgment did not recognize this as an issue presented by Plaintiff's Complaint or his Opposition to the United States' Motion for Summay Judgment, [see Doc. # 98 at 12:9-22 (identifying "what actions or inactions relating to dust management or protective equipment are at issue in this case")], this issue is not one that is raised in this case and cannot be added at this late date.

[4] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[5] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

Defendant breached its duty of care because they never informed him or periodically reminded him regarding the signs and symptoms of Valley Fever as well as accessing health services for evaluation and treatment.

**CLAIM 2: NEGLIGENCE-PREMISES LIABILITY & FAILURE TO WARN**

Defendant negligently failed to warn Mr. Sandoval of the dangerous of cocci at FCI Safford. Defendant's liability is determined by Arizona negligence/premises liability law.

**Elements of Negligence: Premises Liability**

1.  Defendant owed a duty to protect Mr. Sandoval from unreasonable harm;

2.  Defendant breached its duty to protect Mr. Sandoval from unreasonable harm;

3.  Defendant's breach of its duty to protect Mr. Sandoval from unreasonable harm proximately caused his injuries; and

4. Mr. Sandoval has suffered compensable damages.

**Duties Applicable to Mr. Sandoval's Negligence Claim 2: Premises Liability & Failure to Warn**

1. Landowner's have a duty to use reasonable care to warn of and safeguard invitees against an unreasonably dangerous condition of which they had notice. (Revised Arizona Jury Instruction (Civil), 6th: Premises Liability 1: Notice of Unreasonable Dangerous Condition); *Crim v. International Harvester Company*, 646 F.2d 161 (5th Cir. 1981) interpreting Arizona substantive premises liability law. Arizona law does not provide a definition for an "unreasonably dangerous condition."

2. *Cocci* is "invisible and scentless; individuals are typically infected by breathing in dust, especially in windy conditions. *Cocci* is a classic example of a hidden danger, and the United States had a duty to warn [incarcerated inmates] about it." *Edison* v. *Management and Training Corp.*, 822 F.3d 510, 520 (9th Cir. 2016.)[6]

///

---

[6] The United States notes that Edison was decided under California law. Because all of the negligence alleged in Plaintiff's Complaint occurred in Arizona, this case is governed by Arizona law. See 28 U.S.C. § 1346.

3. 18 U.S.C. section 4042(a)(2)(3) includes a duty to warn of the reasonably foreseeable risk of *Cocci* exposure. "*Cocci* is a classic example of a hidden danger, and the United States [had] a duty to warn [Mr. Sandoval] about it." *Edison v. United States*, 822 F.3d 510, 519 (9th Cir. 2016).

**Claim 2 Negligence Allegations**

Defendant's requirement that Mr. Sandoval work in an environment where he could be exposed to concentrated amounts of dust and dirt containing cocci spores created and placed him in an unreasonably dangerous condition.[7]

Defendant's requirement that Mr. Sandoval adhere to a cleaning protocol where he could be exposed to concentrated amounts of dust and dirt containing cocci spores created and placed him in an unreasonably dangerous condition.[8]

Defendant's failure to provide Mr. Sandoval with a protective respiratory mask while he was working in an environment where he could be exposed to concentrated amounts of dust and dirt containing cocci spores which created and placed him in an unreasonably dangerous condition.

Defendant's requirement that Mr. Sandoval sleep in a negligently maintained housing unit that unnecessarily exposed him to dust and dirt containing cocci spores created and placed him in an unreasonably dangerous condition.[9]

///
///
///
///
///
///

---

[7] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[8] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[9] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

Defendant's failure to comply with its policy that there should not be any gaps between the ground and the bottom door so dust would not enter the housing unit created and placed Mr. Sandoval in an unreasonable dangerous condition.[10, 11]

Defendant's requirement that Mr. Sandoval spend significant amounts of time outdoors during windy conditions where he could unnecessarily be exposed to dust and dirt containing cocci spores which created and placed him in an unreasonably dangerous condition.[12]

**Evidence in Support of Mr. Sandoval's Negligence Claims**

- Testimony which establishes Safford is in an endemic area for cocci.
- Testimony from multiple witnesses which establish Defendant knew Safford was in an endemic area for cocci.
- Expert testimony regarding the wind conditions at Safford during Mr. Sandoval's incarceration.[13]
- Photograph depicting aerial views of Safford and its location in Graham County, Arizona.
- October 1, 2013, memorandum from Dr. Newton Kendig to all BOP Wardens including attachments.
- Mr. Sandoval's BOP medical records from FCI Safford and Lompoc.

---

[10] The Court's order does not address the BOP's alleged negligent maintainance of Mr. Sandoval's housing unit. Plaintiff will make an offer of proof that Warden McClintock testified there should not have been any gaps between the ground and the bottom of the door that would allow dust to enter the housing unit. She admitted this was a "security issue," and if this condition existed, she would expect staff to "take care of the issue" because that is what they "are there to do" and they are expected "to carry out their job's and their responsibilities."

[11] The United States objects to the inclusion of this issue. As the Court's Order Re Defendant's Motion for Summary Judgment did not recognize this as an issue presented by Plaintiff's Complaint or his Opposition to the United States' Motion for Summay Judgment, [see Doc. # 98 at 12:9-22 (identifying "what actions or inactions relating to dust management or protective equipment are at issue in this case")], this issue is not one that is raised in this case and cannot be added at this late date.

[12] The United States objects to the inclusion of this issue as the United States contends this issue was resolved in the United States' favor by the Court's Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[13] The United States objects to the introduction of alleged "[e]xpert testimony regarding the wind conditions at Safford during Mr. Sandoval's incarceration" as none of the expert witnesses Plaintiff disclosed provided an opinion on this topic.

9

- Mr. Sandoval's medical records from Dr. Thomas Rotkis (Pulmonologist).
- Mr. Sandoval's medical records from Dr. Lynn Fitzgibbons (Infectious Disease).
- Mr. Sandoval's medical records from Dr. Martin Berry (Rheumatologist).
- Testimony from Mr. Oscar Sandoval.
- Testimony from Mr. Sandoval's family members, including his mother, brothers, children, and sister-in-law.[14]
- Testimony from Newton Emerson Kendig, M.D. regarding his October 1, 2013 memorandum and actions he expected to be implemented in response to his memo.
- Testimony from Warden McClintock regarding (1) measures allegedly in place at Safford to protect inmates from unnecessary exposure to cocci spores and (2) lack of evidence to establish compliance with Dr. Kendig's October 1, 2013 memorandum.
- Testimony from Dr. Lynn Fitzgibbons: Mr. Sandoval's infectious disease specialist designed as a non-retained expert witness to testify regarding (1) Mr. Sandoval's current medical condition, (2) Mr. Sandoval future medical treatment and care; and (3) damages sustained by Mr. Sandoval because of the BOP's failure to comply with her orders regarding Mr. Sandoval's treatment and care including, but not limited to, the failure to timely obtain radiology and laboratory studies she needed to stage and properly manage Mr. Sandoval's cocci; failure to provide her with a copy of Mr. Sandoval's relevant BOP medical records so she could provide continuity of care and properly manage his cocci; failure to timely comply with her request for follow up appointments with Mr. Sandoval so she could properly monitor and treat his cocci; and failure to timely have Mr. Sandoval undergo a comprehensive evaluation by a

---

[14] The United States objects to the introduction of testimony from these witnesses on the grounds that the testimony is irrelevant under Federal Rule of Evidence 401 and because these witnesses were not properly disclosed in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). Plaintiff also neglected to identify these witnesses during the parties' Local Rule 16-2 conference of counsel.

rheumatologist so she could understand the significance of multiple abnormal lab results and properly manage his cocci.[15]

- Testimony from Dr. Berry:  Mr. Sandoval's rheumatologist designated as a non-retained expert witness to testify regarding the BOP's failure to timely comply with his orders to obtain comprehensive lab studies so he could make an accurate diagnosis regarding Mr. Sandoval's condition.[16]

- Testimony from Dr. Royce Johnson:  Mr. Sandoval's retained expert witness who will testify regarding negligence, causation, effective preventative measures against cocci and damages.

- Testimony from Peter Jaramillo, Certified Industrial Hygienist:  Mr. Sandoval's retained expert witness who will testify regarding negligence, causation, effective preventative measure against cocci and benefits of education and awareness programs regarding the disease.

- Testimony from Richard Lunt, NP:  Mr. Sandoval's primary health care provider while he was incarcerated at Safford who has been designated as a non -retained expert and will testify regarding the BOP's failure to comply with multiple orders regarding Mr. Sandoval's treatment and care in a timely fashion, including, but not limited to (1) failure to provide consulting pulmonologist, Dr. Thomas Rotkis with Mr. Sandoval's BOP medical records so he could make an accurate diagnosis of his condition and avoid unnecessary and detrimental medical treatment; (2) failure to provide prescribed medications in a timely and consistent manner;  and (3) failure to timely

[15] The United States objects to the presentation of evidence regarding any alleged medical negligence as the Court held that Plaintiff has not alleged a claim for medical negligence in its Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

[16] The United States objects to the presentation of evidence regarding any alleged medical negligence as the Court held that Plaintiff has not alleged a claim for medical negligence in its Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.]

transfer Mr. Sandoval from a Level 1 Medical Facility to a Level 2 Medical Facility in a timely fashion.[17]

- Testimony from Jennie McNulty:  Mr. Sandoval's retained economist who had been designated to testify regarding his economic damages.

The United States:

(a)    The United States plans to pursue the following Affirmative Defenses:

Affirmative Defense 1: Discretionary Function Exception to the Federal Tort Claims Act.

Affirmative Defense 2: Plaintiff cannot prove causation.

(b)    The elements required to establish the United States' Affirmative Defenses are:

Affirmative Defense 1: Under the discretionary function exception to the Federal Tort Claims Act, the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved [was] abused." 28 U.S.C. § 2680(a). The discretionary function exception "prevent[s] judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984). The Supreme Court has established a two-part test for determining whether the discretionary function exception applies. Berkovitz v. United States, 486 U.S. 531, 536-37 (1988); Terbush v. United States, 516 F.3d 1125, 1229 (9th Cir. 2008). First, a court must determine whether the challenged action was a discretionary one, "that is, it must involve an element of judgment or choice." Berkovitz, 486 U.S. at 536. If the conduct involves an element of judgment, the court then determines "whether that judgment is of the kind that the

---

[17] The United States objects to the presentation of evidence regarding any alleged medical negligence as the Court held that Plaintiff has not alleged a claim for medical negligence in its Order Re Defendant's Motion for Summary Judgment. [Doc. # 98.] The United States' objections to Plaintiff's intended use of the deposition testimony of Mr. Lunt are explained more fully in Section 11.

discretionary function exception was designed to shield." <u>Id.</u> If both prongs of the test are satisfied, then the discretionary function exception applies, and the court lacks jurisdiction to consider the claim.

<u>Affirmative Defense 2</u>: "In a cause of action for negligence, plaintiff must show some reasonable connection between defendant's act or omission and plaintiff's damages or injuries." <u>Robertson v. Sixpence Inns of Am., Inc.</u>, 789 P.2d 1040, 1047 (Ariz. 1990). "It is not sufficient for a plaintiff to prove that her injuries might have been caused by the defendant's breach of duty; instead, the plaintiff must prove that the breach probably caused [his or] her injuries." <u>Goodman v. Staples The Office Superstore, LLC</u>, 644 F.3d 817, 824 (9th Cir. 2011).

(c)     In brief, the key evidence Defendant relies on for each Affirmative Defense is:

<u>Affirmative Defense 1</u>: To establish the applicability of the discretionary function exception, the United States will rely on testimony from James Pelton, M.D., that the BOP's decisions regarding whether to provide inmates with protective masks involves the balancing of competing policy concerns, including concerns regarding safety of inmates and staff, as well as resource management. Additionally, the deposition testimony of Susan McClintock will demonstrate that there were no mandatory policies in place at FCI Safford that required institution administrators to provide all inmates with protective masks at all times while they were incarcerated at FCI Safford. Rather, protective masks would be provided to inmates working in occupations that exposed them to high levels of dusts if those inmates requested.

<u>Affirmative Defense 2</u>: To establish that Plaintiff cannot prove causation, the United States will rely on testimony from the United States' retained expert Ben Kollmeyer and testimony from Plaintiff's retained expert Peter Jaramillo to establish that neither the failure to warn Plaintiff of the presence of Valley Fever at FCI Safford nor the failure to provide a protective respiratory mask "probably" caused Plaintiff to contract Valley Fever. There is no evidence from any source establishing that issuing a warning or providing Plaintiff with a protective mask would more likely than not have

prevented Plaintiff from contracting Valley Fever. Without such evidence, Plaintiff cannot meet his burden to establish causation, and his claims against the United States fail.

**8.    Issues Remaining to be Tried**

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the parties agree that the following issues remain to be tried:

(a)    Whether the BOP failed to provide Plaintiff with warnings regarding the risk of contracting Valley Fever.

(b)    Whether the BOP failed to provide Plaintiff with a protective mask while he was working as an orderly.

(c)    Whether the BOF failed to notify Plaintiff that a protective mask was available for use during his incarceration.

(d)    Whether the BOP's alleged failure to provide Plaintiff with warnings regarding the risk of contracting Valley Fever probably caused Plaintiff to contract Valley Fever.

(e)    Whether the BOP's alleged failure to provide Plaintiff with a protective mask while he was working as an orderly probably caused Plaintiff to contract Valley Fever.

(f)    Whether Plaintiff will be limited in his ability to work after his release from incarceration as a result of his Valley Fever.

(g)    Whether Plaintiff will need medical care to treat his Valley Fever after his release from incarceration.

(h)    Whether Plaintiff has experienced pain and suffering as a result of his Valley Fever.

(i)    If Plaintiff will be limited in his ability to work after his release from incarceration as a result of his Valley Fever, how much will he incur in damages as a result.

///

14

(j)     If Plaintiff will need medical care to treat his Valley Fever after his release from incarceration, how much will he incur in damages as a result.

(k)     If Plaintiff has experienced pain and suffering as a result of his Valley Fever, how much has he incurred in damages as a result.

*        *        *

Additionally, Plaintiff contends that these issue also remain to be tried:

(l)     Whether the BOP failed to provide Plainitff with a protective mask during his incarceration in order to avoid inhalation of *Cocci* spores.

(m)     Whether Plaintiff sustained any damages because he was not diagnosed with *Cocci* until March 30, 2015.

(n)     Whether Plaintiff sustained any damages because he was placed on inhaled steroids during his incarceration at Safford.

(o)     Whether Plaintiff sustained any damages because he was not transferred to a Care Level 2 facility until November 30, 2015.

(p)     Whether Plaintiff sustained any damages because he was not provide fluconazole as ordered by his treating physicians.

(q)     Whether Plaintiff sustained any damages because he was not evaluated by an infectious disease specialist until September 13, 2017.

(r)     Whether Plaintiff sustained any damages because Dr. Fitzgibbons' orders were not carried out in a timely fashion.

The United States contends that these issues are either duplicative of the issues listed in (a) through (k), or have already been determined by the Court to be beyond the scope of the issues presented in Plaintiff's Complaint.

**9.     Discovery**

All discovery is complete.

**10.     Disclosures**

All disclosures under Federal Rule of Civil Procedure 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by

Local Rule 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all
exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos.  201, 202, 203, 204, 205, 206, 207, 208, 209, 212,
213, and 215.

The United States objects to Exhibit Nos. 1, 3, 4-5, 7-11, 13-20, 22-45, 47, 49-52,
54-65, 67-82, 84-85, 87-97, 99-103, 105-108, 110-113, 115-117, 119, 122-123, 125-127,
131-132, 135-139, 141-144, 146.

The objections and grounds therefor are:

Plaintiff's Objections:

| Exhibit No. | Objection |
| --- | --- |
| 201 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |
| 202 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |
| 203 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice and confusing the issues. |
| 204 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice and confusing the issues. |
| 205 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action.  Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence.  Federal Rule of Evidence 901:  Lack of Authentication. |
| 206 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action.  Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and |

| | needlessly presenting cumulative evidence.  Federal Rule of Evidence 901:  Lack of Authentication. |
|---|---|
| 207 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action.  Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence.  Federal Rule of Evidence 901:  Lack of Authentication. |
| 208 | Federal Rule of Evidence 802:  Inadmissable Hearsay. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues and needlessly presenting cumulative evidence. |
| 209 | Federal Rule of Evidence 802:  Inadmissable Hearsay. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues and needlessly presenting cumulative evidence. |
| 212 | Federal Rule of Evidence 802:  Inadmissable Hearsay. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues and needlessly presenting cumulative evidence. |
| 213 | Federal Rule of Evidence 802:  Inadmissable Hearsay. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues and needlessly presenting cumulative evidence. |
| 215 | Federal Rule of Evidence 802:  Inadmissable Hearsay. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues and needlessly presenting cumulative evidence. |

The United States' Objections:

| Exhibit No. | Objection |
|---|---|
| 1 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |

| 3 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |
|---|---|
| 4 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |
| 5 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. |
| 7 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 8 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 9 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 10 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 11 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 13 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
|---|---|---|
| | 14 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 15 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 16 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 17 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 18 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 19 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 20 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 22 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 23 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 24 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 25 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 26 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 27 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 28 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 29 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 30 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 31 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 32 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 33 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 34 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 35 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 36 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 37 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 38 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 39 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 40 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 41 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 42 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 43 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 44 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 45 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 47 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 49 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 50 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 51 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 52 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 54 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 55 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 56 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 57 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 58 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 59 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
|---|---|---|
| | 60 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 61 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 62 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 63 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 64 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 65 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 67 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 68 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 69 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 70 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 71 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 72 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 73 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 74 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 75 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 76 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 77 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 78 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 79 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 80 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 81 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

27

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 82 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 84 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 85 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 87 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 88 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 89 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 90 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
|---|---|---|
| | 91 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 92 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 93 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 94 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 95 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 96 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 97 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

29

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 99 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 100 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 101 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 102 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 103 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 105 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 106 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 107 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 108 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 110 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 111 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 112 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 113 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 115 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
|---|---|
| 116 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 117 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 119 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 122 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 123 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 125 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| 126 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
|---|---|---|
| | 127 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 131 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 132 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 135 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 136 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 137 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 138 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger |

| | | |
|---|---|---|
| | | of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 139 | Federal Rule of Evidence 401: This document is not relevant to any claims or defenses at issue in this action. Federal Rule of Evidence 403: The probative value of this document, if any, is outweighed by the danger of prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. |
| | 141 | Federal Rule of Civil Procedure 26(3)(A): Plaintiff has not disclosed this document to the United States. |
| | 142 | Federal Rule of Civil Procedure 26(3)(A): Plaintiff has not disclosed this document to the United States. |
| | 143 | Federal Rule of Civil Procedure 26(3)(A): Plaintiff has not disclosed this document to the United States. |
| | 144 | Federal Rule of Civil Procedure 26(3)(A): Plaintiff has not disclosed this document to the United States. |
| | 146 | Federal Rule of Civil Procedure 26(3)(A): Plaintiff has not disclosed this document to the United States. |

Additionally, Plaintiff indicated at the parties' Local Rule 16-2 Conference of Counsel that he had obtained documents from certain medical providers and intended to rely on those records at trial, but declined to provide copies of those documents to the United States. The United States objects to any exhibits Plaintiff attempts to admit at trial that have not been properly disclosed during discovery.

## 11.   **Witness Lists**

Witness lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with Central District Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Central District Local Rule 32-1:

1        (a)    Deposition of Newton E. Kendig, M.D.; and

2        (b)    Deposition of Susan McClintock.

3      Plaintiff objects to the presentation of testimony by deposition of the following

4  witnesses:

5      Mr. Sandoval objects to Defendant's use of Susan McClintock's deposition

6  testimony to demonstrate that there were no mandatory policies in place at FCI Safford

7  that required institution administrators to provide all inmates with protective masks at

8  all times while they were incarcerated at FCI Safford. Rather, protective masks would

9  be provided to inmates working in occupations that exposed them to high levels of dusts

10  if those inmates requested.  Ms. McClintock did not testify regading this issue at her

11  deposition.  In addition, any such testimony in this regarding is not relevant to the issues

12  in this case in light of this Courts ruling that the "Defendant's choice to provide a

13  protective ask is a clear safety issues that is "not a policy choice of the type the

14  discretionary function exhibit shields." *Whisnant v. United States*, 400 F.3d 1177, 1183,

15  1185 (9th Cir. 2005); Order Re Defendant' Motion for Summary Judgment: [Doc. # 98

16  at p. 12:22-24.]

17      Mr. Sandoval objects to any testimony by  Dr. James Pelton regarding the

18  applicability of the discretionary function exception and the BOP's decisions regarding

19  whether to provide inmates with protective masks involves the balancing of competing

20  policy concerns, including concerns regarding safety of inmates and staff, as well as

21  resource management.  Dr. Pelton had not been designated as an expert to testify

22  regarding these issues. In addition, any such testimony is not relevant based on this

23  Courts ruling that the "Defendant's choice to provide a protective ask is a clear safety

24  issues that is "not a policy choice of the type the discretionary function exhibit shields."

25  *Whisnant v. United States*, 400 F.3d 1177, 1183, 1185 (9th Cir. 2005); Order Re

26  Defendant' Motion for Summary Judgment: [Doc. # 98 at p. 12:22-24.]

27      The United States objects to the presentation of testimony by deposition of the

28  following witnesses:

*///*

Richard Lunt, FNP. Following the Court's November 25, 2019 Order Re Defendant's Motion for Summary Judgment, [Doc. # 98], testimony pertaining to alleged issues with Plaintiff's medical care are not relevant to this action, as Plaintiff has not alleged any claim for medical negligence against the United States. Additionally, pursuant to Magistrate Judge Kim's October 21, 2019 Order granting in part the United States' Motion for a Protective Order [Doc. # 85], Mr. Lunt's deposition testimony was limited to questions about "the diagnosis of Plaintiff's Valley Fever, including any opinions about its medical causes; the types of treatments or medications that Plaintiff was prescribed while at FCI Safford; and the prognosis he received from the treating providers there." The United States objects to any attempt by Plaintiff to present testimony by deposition of Mr. Lunt to the extent the testimony extends beyond the topics that were permitted by Magistrate Judge Kim's October 21, 2019 Order.

**12.   Motions**

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

(a)    The United States' Motion in Limine (# 1) to Exclude Evidence Regarding Standard of Care and Alleged Medical Negligence [Doc. # 92];[18] and

(b)    The United States' Motion in Limine (# 2) to Exclude Evidence Regarding Estimated Costs of Health-Insurance Plans [Doc. # 93].

**13.   Bifurcation**

Bifurcation of the following issues for trial is ordered: None.

**14.   Superseding Effect of Order**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference

---

[18] The United States contends that the Court's finding in its Order Re Defendant's Motion for Summary Judgment, [Doc. # 98], that Plaintiff had not alleged a claim for medical negligence effectively granted the United States' first Motion in Limine.

Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____

_____
Honorable Dolly M. Gee
United States District Judge

Respectfully submitted,

BERTLING LAW GROUP, INC.

/s/ Peter G. Bertling_____
Peter G. Bertling
Attorneys for Plaintiff
OSCAR SANDOVAL


NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ Timothy D. Biché_____
TIMOTHY D. BICHÉ
Assistant United States Attorney

 /s/ Damon A. Thayer_____
DAMON A. THAYER
Assistant United States Attorney
Attorneys for Defendant
United States of America