1
2
3
4
5
6
7
8
9
10
11          UNITED STATES DISTRICT COURT
12      FOR THE CENTRAL DISTRICT OF CALIFORNIA
13              WESTERN DIVISION
14  OSCAR SANDOVAL,                    No. CV 17-03092 DMG (SKx)
15          Plaintiff,                 **FIRST AMENDED [PROPOSED]**
16              v.                     **FINAL PRETRIAL CONFERENCE**
                                       **ORDER**
17  UNITED STATES OF AMERICA,
18          Defendant.                 [Local Rule 16-7]
19                                     Pretrial Conference:  December 3, 2019
20                                     Trial:                January 14, 2020
21                                     Honorable Dolly M. Gee
22                                     United States District Judge
23
24
25
26
27
28

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Central District Local Rule 16, IT IS ORDERED:

**1.    The Parties**

The parties are Plaintiff Oscar Sandoval ("Plaintiff") and Defendant United States of America. Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed. The pleadings which raise the issues are:

(a)    Plaintiff's Complaint, filed on April 25, 2017 [Doc. # 1]; and

(b)    The United States' Answer, filed on January 25, 2018 [Doc. # 24].

**2.    Jurisdiction and Venue**

Federal jurisdiction and venue are invoked upon the grounds: This is a civil action brought under the Federal Tort Claims Act ("FTCA"). The parties agree that this Court has jurisdiction under 28 U.S.C. § 1331.

Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in the Central District of California.

**3.    Trial Length**

The Court has scheduled the trial for three days, with each side provided six hour for its case-in-chief.

**4.    Jury Trial**

The trial is to be a non-jury trial. See 28 U.S.C. § 2402. At least seven (7) days prior to the trial date the parties shall lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by Central District Local Rule 52-1.

**5.    Admitted Facts**

The following facts are admitted and require no proof:

(a)    On February 1, 2006, Plaintiff was convicted on one count of Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952, 960, and one count of Possession of Methamphetamine with Intent to Distribute, in violation of 28 U.S.C. § 841(a)(1). As

a result of these convictions, Plaintiff was committed to the custody of the United States Bureau of Prisons for a term of 240 months.

(b)     From July 23, 2014, until October 29, 2015, Plaintiff was incarcerated at the Federal Correctional Institution in Safford, Arizona (FCI Safford).

(c)     Since November 30, 2015, Plaintiff has been incarcerated at the Federal Correctional Institution at Lompoc, California (FCI Lompoc).

(d)     Coccidioidomycosis, also known as "Valley Fever," is an illness caused by the naturally occurring soil fungus *Coccidioides immitis* and *Coccidioides posadasii*, hereinafter referred to as *Cocci.*

(e)     *Cocci* spores typically enter the body through the respiratory system.

(f)     Safford is located in Graham County, Arizona.

(g)     During Plaintiff's incarceration at FCI Safford, it was designated a "Care Level 1" facility, which means that mostly healthy inmates with limited medical needs are incarcerated there.

(h)     Most people who are exposed to *Cocci* spores do not become notably ill.

(i)     More than 60 percent of persons infected by *Cocci* experience no illness or symptoms at all.

(j)     Of the approximately 40 percent of infected persons who do exhibit symptoms, the vast majority experience a brief illness that may include manifestations such as fever, rash, and headache.

(k)     In a small percentage of people who become infected, *Cocci* can "disseminate" out of their lung and spread to other parts of their bodies, such as their skin, and cause serious health problems.

(l)     On October 1, 2013, Newton E. Kendig, M.D. sent a memo to all Bureau of Prison Wardens entitled: "Staff and inmate awareness of the infectious disease known as 'Valley Fever.'" Dr. Kendig was the Assistant Director of Health Services Division for the Bureau of Prisons.

2

(m)     Dr. Kendig's October 1, 2013 Memo included a "Lesson Plan" which sets forth the information regarding Valley Fever that he wanted all inmates at FCI Safford to know.

(n)     Susan McClintock was the Warden at Safford between 2012 and December 2014.

(o)     Safford had protective masks available that could be used as respiratory protection for inmates who were required to work in a job that exposed them to significant quantities of dust.

(p)     Plaintiff was diagnosed with Valley Fever in March, 2015.

(q)     Prior to his diagnosis, Plaintiff was not warned of the risk of contracting Valley Fever while at FCI Safford.

(r)     Plaintiff never requested a protective mask while he worked as an orderly at FCI Safford, and he was not provided one.

## 6.     Stipulated Facts

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

(a)     Plaintiff was the only inmate at FCI Safford diagnosed with Valley Fever in 2015.

## 7.     Claims and Defenses

Plaintiff:

Plaintiff plans to pursue the following claims against the Defendant:

Claim 1:  Negligence

Claim 2:  Negligence/Premises Liability

**CLAIM 1: NEGLIGENCE**

**Allegations of Negligence**

Defendant was negligent because it (1) failed to provide Mr. Sandoval with a safe and habitable prison and (2) failed to provide him with a protective respirator mask to prevent him from inhaling dust that may contain *Cocci* spores.

3

**Elements of Negligence**

1.　　Defendant owed a duty to protect Mr. Sandoval from foreseeable harm;

2.　　Defendant breached its duty to protect Mr. Sandoval from foreseeable harm;

3.　　Defendant's breach of its duty to protect Mr. Sandoval from foreseeable harm caused his injuries; and

4.　　Mr. Sandoval has suffered compensable damages.

**Duties Applicable to Mr. Sandoval's Negligence Claim 1**

1.　　18 U.S.C.§ 4042 imposes a duty on the Board of Prisons to "provide suitable quarters and provide for the safe keeping, care and subsistence of all persons . . . convicted of offenses against the United States."

2.　　Defendant's failure to provide a protective face mask is a clear safety issue that is "not a policy choice of the type the discretionary function exception shield." [ Doc. # 98 at pp. 12:22-24 and 17:3-5.]

**Applicable Arizona Law**

The following Revised Arizona Civil Jury Instructions and case law apply to this action:

a.　　Definition of Fault & Negligence

"Fault is negligence that was a cause of Mr. Sandoval's injury. Negligence is the failure to use reasonable care.  Negligence may consist of action or inaction.  Negligence is the failure to act as a reasonably careful person would act under the circumstances."

b.　　Inreased Risk Doctrine[1]

The "increased risk of harm" doctrine, set forth in the Restatement (Second) of Torts § 323 applies to this case. *Thompson v. Sun City Community Hospital*, 147 Ariz. 597 (1984).

Personal Injury Measure of Damages:

(1)　　The nature, extent and duration of the injury.

---

[1] As discussed at the December 3, 2019 Final Pretrial Conference, the parties will submit supplemental briefing on what is the appropriate standard for causation in this matter.

4

(2)     The pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the injury.

(3)     Reasonable expenses of necessary medical care, treatment, and services rendered, and reasonably probably to be incurred in the future.

(4)     Loss of earnings to date, and any decrease in earning power or capacity in the future.

(5)     Loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury."

**CLAIM 2: NEGLIGENCE: FAILURE TO WARN**

**Allegations of Negligence**

Defendant was negligent because it failed to warn Mr. Sandoval regarding the dangers of cocci at FCI Safford.

**Elements of Negligence: Failure to Warn**

1.     Defendant owed a duty to protect Mr. Sandoval from unreasonable harm;

2.     Defendant breached its duty to protect Mr. Sandoval from unreasonable harm;

3.     Defendant's breach of its duty to protect Mr. Sandoval from unreasonable harm caused his injuries; and

4.     Mr. Sandoval has suffered compensable damages.

**Duties Applicable to Mr. Sandoval's Negligence Claim 2**

1.     Landowner's have a duty to use reasonable care to warn of and safeguard invitees against an unreasonably dangerous condition of which they had notice. (Revised Arizona Jury Instruction (Civil), 6th: Premises Liability 1: Notice of Unreasonable Dangerous Condition)

2.     18 U.S.C. section 4042(a)(2)(3) encompasses a duty to warn of the reasonably foreseeable risk of *Cocci* exposure." [Doc. # 98 at p. 16:23-24.] "*Cocci* is a classic example of a hidden danger, and the United States [had] a duty to warn [Mr.

5

1    Sandoval] about it." Order Re Defendant' Motion for Summary Judgment: [Doc. # 98 at
2    p. 16:1-2.]

3    **Evidence in Support of Mr. Sandoval's Negligence Claims**

4    • Testimony which establishes Safford is in an endemic area for cocci.

5    • Testimony which establishes Defendant knew FCI Safford was in an endemic
6      area for *Cocci*.

7    • Photograph depicting aerial views of Safford and its location in Graham
8      County, Arizona.

9    • October 1, 2013, memorandum from Newton Kendig, M.D. to all BOP
10     Wardens including attachments.

11   • Mr. Sandoval's BOP medical records from FCI Safford and FCI Lompoc.

12   • Mr. Sandoval's medical records from Thomas Rotkis, M.D. (Pulmonologist).

13   • Mr. Sandoval's medical records from Lynn Fitzgibbons, M.D. (Infectious
14     Disease).

15   • Mr. Sandoval's medical records from Martin Berry, M.D. (Rheumatologist).

16   • Testimony from Mr. Oscar Sandoval.

17   • Testimony from Mr. Sandoval's family members, including his mother,
18     brothers, children, and sister-in-law.[2]

19   • Testimony from Newton Emerson Kendig, M.D. regarding his October 1, 2013
20     memorandum and actions he expected to be implemented in response to his
21     memo.

22   • Testimony from Warden McClintock regarding (1) measures allegedly in place
23     at Safford to protect inmates from unnecessary exposure to *Cocci* spores and

---

26   [2] The United States objects to the introduction of testimony from these witnesses on the grounds
27   that the testimony is irrelevant under Federal Rule of Evidence 401 and because these witnesses were
     not properly disclosed in accordance with Federal Rule of Civil Procedure 26(a)(3)(A). Plaintiff also
28   neglected to identify these witnesses during the parties' Local Rule 16-2 conference of counsel.

(2) lack of evidence to establish compliance with Dr. Kendig's October 1, 2013 memorandum.

- Testimony from Lynn Fitzgibbons, M.D.: Mr. Sandoval's infectious disease specialist designed as a non-retained expert witness to testify regarding (1) Mr. Sandoval's current medical condition, (2) Mr. Sandoval future medical treatment and care; and (3) damages.

- Testimony from Royce Johnson, M.D.:  Mr. Sandoval's retained expert witness who will testify regarding causation, effective preventative measures against cocci and damages.

- Testimony from Peter Jaramillo, Certified Industrial Hygienist:  Mr. Sandoval's retained expert witness who will testify regarding negligence, causation, effective preventative measure against cocci and benefits of education and awareness programs regarding the disease.

- Testimony from Richard Lunt, NP:  Mr. Sandoval's primary health care provider while he was incarcerated at Safford who has been designated as a non-retained expert who will testify regarding damages.

- Testimony from Jennie McNulty:  Mr. Sandoval's retained economist who has been designated to testify regarding his economic damages.

The United States:

Following the Court's Order Granting in Part the United States' Motion for Summary Judgment, which held that certain portions of Plaintiff's claims were barred by the discretionary function exception to the FTCA, the United States does not intend on pursuing any additional affirmative defenses. The United States continue to contend, however, that Plaintiff cannot establish his case. Specifically, Plaintiff cannot establish causation or his alleged damages.

## 8.  Issues Remaining to be Tried

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the parties agree that the following issues

7

remain to be tried:

     (a)    Whether the BOP's failure to provide Plaintiff with warnings regarding the risk of contracting Valley Fever probably caused Plaintiff to contract Valley Fever.

     (b)    Whether the BOP's failure to provide Plaintiff with a protective mask while he was working as an orderly probably caused Plaintiff to contract Valley Fever.

     (c)    Whether Plaintiff will be limited in his ability to work after his release from incarceration as a result of his Valley Fever.

     (d)    What medical care Plaintiff will need to treat his Valley Fever after his release from incarceration.

     (e)    Whether Plaintiff has experienced pain and suffering as a result of his Valley Fever.

     (f)    If Plaintiff will be limited in his ability to work after his release from incarceration as a result of his Valley Fever, how much will he incur in damages as a result.

     (g)    If Plaintiff will need medical care to treat his Valley Fever after his release from incarceration, how much will he incur in damages as a result.

     (h)    If Plaintiff has experienced pain and suffering as a result of his Valley Fever, how much has he incurred in damages as a result.

**9.**    **<u>Discovery</u>**

     All discovery is complete.

**10.**    **<u>Disclosures</u>**

     All disclosures under Federal Rule of Civil Procedure 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by Local Rule 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except as provided in the parties' joint pretrial exhibit stipulation.

**11.** <u>**Witness Lists**</u>

Witness lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with Central District Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Central District Local Rule 32-1:

    (a)    Deposition of Susan McClintock;

    (b)    Deposition of Newton Kendig, M.D.; and

    (c)    Deposition of Richard S Lunt, NP.

Plaintiff objects to the presentation of testimony by deposition of the following witnesses:

Mr. Sandoval objects to Defendant's use of Susan McClintock's deposition testimony to demonstrate that there were no mandatory policies in place at FCI Safford that required institution administrators to provide all inmates with protective masks at all times while they were incarcerated at FCI Safford. Rather, protective masks would be provided to inmates working in occupations that exposed them to high levels of dusts if those inmates requested. Ms. McClintock did not testify regading this issue at her deposition. In addition, any such testimony in this regarding is not relevant to the issues in this case in light of this Courts ruling that the "Defendant's choice to provide a protective ask is a clear safety issues that is "not a policy choice of the type the discretionary function exhibit shields." Order Re Defendant' Motion for Summary Judgment: [Doc. # 98 at p. 12:22-24.]

Mr. Sandoval objects to any testimony by James Pelton, M.D. regarding the applicability of the discretionary function exception and the BOP's decisions regarding whether to provide inmates with protective masks involves the balancing of competing policy concerns, including concerns regarding safety of inmates and staff, as well as resource management. Dr. Pelton had not been designated as an expert to testify

9

regarding these issues. In addition, any such testimony is not relevant based on this Courts ruling that the "Defendant's choice to provide a protective ask is a clear safety issues that is "not a policy choice of the type the discretionary function exhibit shields." Order Re Defendant' Motion for Summary Judgment: [Doc. # 98 at p. 12:22-24.]

**12.    Motions**

The following law and motion matters and motions in limine, and no others, are pending or contemplated: As discussed at the December 3, 2019 Final Pretrial Conference, the parties will submit supplemental briefing on what is the appropriate standard for causation in this matter.

**13.    Bifurcation**

Bifurcation of the following issues for trial is ordered: None.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  **14.    Superseding Effect of Order**

2         The foregoing admissions having been made by the parties, and the parties having

3  specified the foregoing issues remaining to be litigated, this Final Pretrial Conference

4  Order shall supersede the pleadings and govern the course of the trial of this cause,

5  unless modified to prevent manifest injustice.

6  Dated:

7

8                                                    _____
                                                     Honorable Dolly M. Gee
                                                     United States District Judge

9

10 Respectfully submitted,

11 BERTLING LAW GROUP, INC.

12 /s/ Peter G. Bertling
   _____
   Peter G. Bertling

13 Attorneys for Plaintiff
   OSCAR SANDOVAL

14

15 NICOLA T. HANNA
   United States Attorney
16 DAVID M. HARRIS
   Assistant United States Attorney
17 Chief, Civil Division
   JOANNE S. OSINOFF
18 Assistant United States Attorney
   Chief, General Civil Section

19
     /s/ Timothy D. Biché
20 _____
   TIMOTHY D. BICHE
21 Assistant United States Attorney

     /s/ Damon A. Thayer
22 _____
   DAMON A. THAYER
23 Assistant United States Attorney

24 Attorneys for Defendant
   United States of America

25

26

27

28

                                    11